## CRONKLETON v. JONES et al.
### No. 9697.

Circuit Court of Appeals, Eighth Circuit.

Aug. 21, 1933.

R. O. Canaday, of Hastings, Neb., and Leonard A. Flansburg, of Lincoln, Neb., for appellant.

L. B. Stiner, P. E. Boslaugh, and Edmund Nuss, all of Hastings, Neb., for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and DEWEY, District Judge.

VAN VALKENBURGH, Circuit Judge.

This suit was brought to recover the double, or statutory, liability on one hundred shares of the capital stock of the First National Bank of Hastings, Neb., bequeathed to his executors and successors in trust for his daughter, Lida Clarke Seaton, by Alonzo L. Clarke of Hastings, Neb., in paragraph No. 24 of his will. It was consolidated for purposes of trial with causes numbered 9681 and 9694, both entitled Arthur H. Jones & Ford McWhorter, Trustees of the Estate of Alonzo L. Clarke, Deceased, Appellants, v. George G. Cronkleton, Receiver of the First National Bank of Hastings, Nebraska, Appellee, 67 F.(2d) 17, the decision of this court in which cases is handed down contemporaneously herewith; and reference is made to the opinion therein for facts stated and views expressed.

In the instant case, the judgment of the court was, in effect, in favor of the defendants, appellees herein, from which judgment the receiver appeals.

The paragraph of the will by which the shares of bank stock here involved were devised is numbered 24, and reads as follows: "I give and bequeath to my executors and their successors in trust one hundred (100) shares of the capital stock of the First National Bank of Hastings, Nebraska, in trust, to collect and receive the dividends and income therefrom, and to pay the dividends and income therefrom annually, or at the time they shall be declared or received, to my daughter, Mrs. Lida Clarke Seaton, of Upminster, England, during her natural life, and at the time of the death of said Mrs. Lida Clarke Seaton I give and bequeath said one hundred (100) shares of the capital stock of the First National Bank of Hastings, Nebraska, and the accrued accumulations therefrom, to the heirs at law of said Mrs. Lida Clarke Seaton, deceased, and direct my said executors or their successors in trust to convey, transfer, deliver and pay the same at said time to her heirs at law absolutely."

It is the contention of appellant that there are other paragraphs of the will, to wit, Nos. 22 and 27, which also condition recovery in this action. Dependence upon other paragraphs of the will for the recovery asked appears to have been abandoned. Paragraph 22 reads thus: "I give and bequeath to my executors and their successors in trust fifty (50) shares of the capital stock of the First National Bank of Holdrege, Nebraska, and fifty (50) shares of the preferred stock of the Beatrice Creamery Company, in trust, to collect and receive the dividends and income therefrom, and to pay the dividends and income therefrom annually, or at the time they shall be declared or received, to my son, William H. Clarke, during his natural life, and at the time of the death of said William H. Clarke I give and bequeath said fifty (50) shares of the capital stock of the First National Bank of Holdrege, Nebraska, and said fifty (50) shares of the preferred stock of the Beatrice Creamery Company and the accrued accumulations therefrom, to the heirs at law of said William H. Clarke, deceased, and direct my said executors or their successors in trust to convey, transfer, deliver and pay the same at said time to his heirs at law, absolutely."

Paragraph 27 has been copied and discussed in the opinion in causes Nos. 9681 and 9694, and for brevity's sake will not be fully reproduced here.

The will of Alonzo L. Clarke was executed in 1915. He died May 3, 1918, and his will was admitted to probate June 4, 1918. In 1922, Wesley A. Taylor and Charles B. Hutton, executors, refused to act as trustees except under paragraph 24, the bequest in trust to Mrs. Seaton. Later Hutton declined to act further, and Taylor was appointed as sole trustee, and qualified as such. March 17, 1922, by order of the county court, assets bequeathed in trust under the provisions of the various paragraphs of the will were transferred to the trustees in the several trusts,

and, at all times after June 1, 1923, the management of these was conducted by the trustees, separately and distinctly from the administration of the estate, which was closed in 1928. January 7, 1924, prior stock certificates were surrendered and new ones, under paragraph 24, were issued to Wesley A. Taylor, as trustee. September 23, 1925, Taylor resigned as trustee under paragraph 24, and the stock was transferred on the books of the bank to the Clarke-Buchanan Company as trustee. This company continued to hold the certificates and acted as trustee under this paragraph. The First National Bank of Hastings became insolvent October 5, 1931, and its receiver, appellant, was appointed. In November, 1931, the Clarke-Buchanan Company became insolvent, and Harry E. Bowman was appointed its receiver. Meantime Arthur H. Jones and Ford McWhorter, by appointment of court, had succeeded to the trusteeship under paragraphs 22 and 27 of the will, and other paragraphs not deemed material to this controversy. November 16, 1931, the Comptroller of the Currency issued an order assessing shareholders of the First National Bank of Hastings a sum equivalent to the par value of their stock, amounting to $10,000 upon the stock devised by paragraph 24 of the will.

In the amended petition filed in the District Court for the District of Nebraska, the following were named as defendants: "Arthur H. Jones, Archie D. Marvel and The Clarke-Buchanan Company, a corporation, trustees of the estate of Alonzo L. Clarke, deceased; Harry E. Bowman, Receiver of the Clarke-Buchanan Company, a corporation; and Lida Clarke Seaton." At that time Marvel was a cotrustee in certain trusts, other than No. 24, with appellant Jones, and was afterwards succeeded by Ford McWhorter. Besides his daughter, Lida Clarke Seaton, Alonzo L. Clarke left two sons, Frank N. Clarke and William H. Clarke. Frank N. Clarke died January 28, 1932, leaving surviving him, as his sole and only heirs, Carrie Detweiler Clarke, his wife, life beneficiary in paragraphs 26 and 27 of the will, and Helen Clarke, his daughter; William H. Clarke died February 10, 1932, and left surviving him his wife, Gertrude Touzlin Clarke, life beneficiary under paragraphs 25 and 27 of the will, and an adopted daughter, Margaret Clarke. The contention of appellant is that Lida Clarke Seaton is an heir at law of William H. Clarke, and as such is a potential beneficiary in any of the several trusts in which his heirs may, however remotely, have

a contingent interest. The heirship of Margaret Clarke, adopted daughter, is denied by appellant on the ground that her adoption took place long after the testator's death, and therefore she was not an heir at law of William H. Clarke within the meaning of the will of Alonzo L. Clarke. This issue was submitted to the district court of Adams county, Neb., and was by that court decided in favor of Margaret Clarke. An appeal from this decision is now pending in the Supreme Court of Nebraska. The same issue was presented to the court below, and the same conclusion reached. Since it would appear that the said Margaret Clarke is the heir of the adopting parent, no claim of collateral heirship being made, the conclusions reached by the two trial courts referred to are entitled to much respect. However, in the view we take of the principles involved in this appeal, we do not deem it necessary to decide this point in controversy. Of course, appellant concedes that, if Margaret Clarke is an heir of William H. Clarke, then, necessarily, his sister, Lida Clarke Seaton, is not an heir. The subject-matter here in controversy revolves itself into whether the trusts established in paragraphs 22 and 27 of the will, under the existing facts, make Lida Clarke Seaton a beneficiary under said paragraphs in such manner as to make the trust assets under those paragraphs subject to assessment upon the bank stock bequeathed in trust for her benefit.

It is agreed that paragraph 22 bequeathed property which is of a value in excess of $10,000, and it is stipulated that there was, at the time the bank failed, and is now, at least, $200,000 worth of assets being held by the trustees under the provisions of paragraph 27, the residuary clause of the will. The provision for Gertrude Touzlin Clarke as life tenant and her contingent remaindermen under the terms of said paragraph 27 was one-eighth of the entire residue, or one-fourth of the balance undistributed. One-half of the entire residue bequeathed under said paragraph was distributed during administration. No trust under said paragraph 27 was created for the benefit of Lida Clarke Seaton. The pertinent provision of that paragraph reads: "I hereby give, devise, and bequeath one-fourth (¼) of said residue of my estate to Mrs. Lida Clarke Seaton, my daughter, of Upminster, England, and I direct my said executors to pay, transfer, convey and deliver the same to her absolutely."

This direction was carried out by the executors during administration. Mrs. Lida Clarke Seaton is named as a beneficiary in

trust under no paragraph of the will except No. 24. Appellant seeks to have her declared a beneficiary under paragraphs 22 and 27 of the will as a possible heir of William H. Clarke, deceased, and, as a result, to charge the assets held in trust under those paragraphs with the assessment levied upon the stock bequeathed to her under paragraph 24. The theory upon which this contention is based may be stated in the language of counsel for appellant at the outset of their argument in their brief: "The assets held in trust under the will of Alonzo L. Clarke are liable for the stock assessment on the stock placed in trust under the will, regardless of the fact that they are held under separate bequests and for separate beneficiaries."

This theory is further disclosed by the following from the brief of appellee (appellant here) in cause No. 9681: "Our theory is that these funds, transferred by the testator to a testamentary trustee and held by the testamentary trustee for distribution, represent the estate and funds of the testator in the trustee's hands in the transition of a transfer of title to someone else unknown."·

In our opinion, filed in said cause No. 9681, we said: "This theory of appellee places a trustee in the same category as the executor or administrator of an estate not distributed nor closed."

The trial court rejected this theory in the following part of its opinion dealing with the case now before us: "In this case there is no substantial identity of any trust provided for the benefit of the grantees in any other part of the will with the trust created by paragraph 24 of the will."

The following judgment was entered:

"Wherefore, it is Ordered, Considered, Adjudged and Decreed that the plaintiff do have and recover judgment against the defendants, Clarke-Buchanan Company and Harry E. Bowman, Receiver of that company, as trustees, in the amount of Ten Thousand Dollars ($10,000.00), with interest at seven per cent (7%) per annum from November 16, 1931, and costs of suit, such Judgment to be satisfied out of the trust funds in said trustees' possession, held under Section 24 of the will of Alonzo L. Clarke, deceased.

"The plaintiff's prayer for judgment against Lida Clarke Seaton, Arthur H. Jones and Ford McWhorter is denied, and as to them the petition is dismissed."

In this disposition of the case we concur. There is no identity between the trust in paragraph 24, and those in 22 and 27. No trust for the benefit of Mrs. Seaton was created by paragraphs 22 and 27. Quite the contrary, under the express terms of the latter paragraph, in which she was given one-fourth of the residuary estate absolutely. She has incurred no personal liability for this levy, and has enjoyed no benefit, actual or contemplated, from those trusts as have the life beneficiaries named in No. 27. The fact that some of the trusts created by the will are still unexecuted cannot operate by analogy to hold the estate open until final distribution of all the trust assets. To subject the assets in paragraphs 22 and 27 to the assessment levied upon the bank stock bequeathed in paragraph 24 would be to hold the property of the former two trusts for the debt of the latter entirely separate and distinct from them.

It follows that the judgment of the trial court is affirmed